52 F.3d 324
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Douglas Dwight BENNETT, Plaintiff-Appellant,
v.
Michael BATCHIK; Oakland County; Defendants-Appellees,
Walled Lake City, et al., Defendants.
 No. 94-2101.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1995.
 
 Before: MERRITT, Chief Judge; LIVELY and KEITH, Circuit Judges.
 
 ORDER
 
 1
 Douglas Dwight Bennett, a pro se Michigan resident, appeals a district court order dismissing his civil rights complaint filed under multiple civil rights statutes. He also filed supplemental state law claims under 28 U.S.C. Sec. 1367. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, injunctive, and declaratory relief, Bennett sued a state court judge, a Michigan city and county, a corporation, and unidentified individuals. The state court judge, Michael Batchik, was sued in his individual and official capacities. Bennett alleged that Judge Batchik deprived Bennett of his civil rights to stand as counsel for a third party individual, that Judge Batchik threatened Bennett with extortion, and that Judge Batchik defamed Bennett in a public place. Bennett alleged that Oakland County, Michigan, encouraged Judge Batchik's actions by bonding the judge. The district court granted summary judgment for the defendants and dismissed the case.
 
 
 3
 In his timely appeal, Bennett argues that his claims against Judge Batchik are not barred by the Eleventh Amendment to the United States Constitution, and because Oakland County holds a self insurance policy on Judge Batchik, Bennett has the right to name the County as a defendant.
 
 
 4
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Initially, we note that Bennett has abandoned his claims against all the defendants except Judge Batchik and Oakland County. Therefore, these abandoned claims are not reviewable on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Bennett contends that Judge Batchik is not entitled to Eleventh Amendment immunity. However, the district court did not find Judge Batchik entitled to Eleventh Amendment immunity. Rather, the district court found Judge Batchik entitled to absolute judicial immunity. The district court's conclusion is proper. Judge Batchik's decision was made from the bench during a hearing on a third party's criminal case. A judge will not be subject to suit for judicial acts. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. Id. at 356-57. However, a judge will be subject to liability if he acts in the clear absence of all jurisdiction. Id. Judge Batchik issued his decision pursuant to his judicial function as a presiding judge in the criminal case. Thus, Judge Batchik did not act in clear absence of all jurisdiction and is entitled to judicial immunity.
 
 
 7
 We note that the doctrine of judicial immunity does not bar a request for injunctive relief. Supreme Court of Va. v. Consumer Union of the United States, Inc., 446 U.S. 719, 734-37 (1980). However, Bennett's request for injunctive relief is unrelated to the actions that Bennett challenges.
 
 
 8
 Oakland County is not subject to suit because Bennett has not shown that Judge Batchik's actions were made pursuant to a specific policy, practice, or custom of Oakland County. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978). Finally, we note that because Bennett does not state a federal claim, Bennett's supplemental state law claims were not reviewable by the district court. See Smith v. Dearborn Fin. Servs., Inc., 982 F.2d 976, 983 (6th Cir.1993).
 
 
 9
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.